

# GATE CITY LAW

101 South Elm St., Suite 76
Greensboro, North Carolina 27401

Richard T. Granowsky, Esq.
richard@gatecitylawfirm.com

Direct Dial: 336.281.2158
Facsimile: 336.616.9407

March 17, 2025

Iredell Memorial Hospital, Incorporated
ATTN: John G. Green,
Registered Agent
557 Brookdale Drive
Statesville, NC 28677
By Certified Mail, Return Receipt Requested



RE: 25 CVS 868; Iredell County; Teresa Armstrong v. Iredell Physician Network LLC and Iredell Memorial Hospital Incorporated (D/B/A Iredell Health System)

Dear Mr. Green:

Take notice that a civil action has been commenced against Iredell Physician Network LLC and Iredell Memorial Hospital, Incorporated by Teresa Armstrong. You are being served with the summons and complaint as the Registered Agent for Iredell Memorial Hospital, Incorporated.

Please do not hesitate to contact me with any questions or issues regarding this litigation.

Very truly yours,

Richard T. Granowsky

Enclosures
Cc: Ms. Teresa Armstrong (by email)

| STATE OF NORTH CAROLINA | | File No. 25 CVS 868 |
|---|---|---|
| IREDELL County | | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| TERESA ARMSTRONG |
| Address |
| 108 PAR PLACE |
| City, State, Zip |
| MOORESVILLE, NC 28115 |

**VERSUS**

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| IREDELL PHYSICIAN NETWORK, LLC and IREDELL MEMORIAL HOSPITAL, INCORPORATED | |
| (D/B/A IREDELL HEALTH SYSTEM) | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| IREDELL PHYSICIAN NETWORK, LLC<br>557 Brookdale Drive<br>Statesville, NC 28677-4107 | IREDELL MEMORIAL HOSPITAL, INCORPORATED<br>557 Brookdale Drive<br>Statesville, NC 28677 |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Richard T. Granowsky<br>Gate City Law<br>101 S. Elm St., Suite 76<br>Greensboro, NC 27401 | 3-10-25 | 1:20 ☐ AM ☒ PM |
| | Signature | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM  ☐ PM |
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

# RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☐ Other: (type or print name)

| Date Accepted | Signature |
|---|---|

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: (type or print name)

| Date Accepted | Signature |
|---|---|

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
IREDELL COUNTY  25 CVS 868

TERESA ARMSTRONG, )
)
Plaintiff, )
)
v. ) COMPLAINT
)
IREDELL PHYSICIAN NETWORK, LLC, )
IREDELL MEMORIAL HOSPITAL, INCORP- )
ORATED, D/B/A IREDELL HEALTH SYSTEM, )
)
Defendants. )

Plaintiff, complaining of Defendants, alleges and says:

1. Plaintiff Teresa Armstrong is a citizen and resident of Mooresville, Iredell County, North Carolina.

2. Defendants, Iredell Physician Network, LLC and Iredell Memorial Hospital, Incorporated (hereafter "Defendants" or "Iredell Health System"), are North Carolina corporations authorized to transact business in North Carolina. Defendant has offices or places of business in Statesville, Iredell County, North Carolina, and other North Carolina cities and counties.

3. Plaintiff brings this claim, in part, pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. §2601 *et seq.*

4. At all times material to this action, Defendants were an "employer" as defined in the FMLA, 29 U.S.C. §2611(4). At all times material to this action, Plaintiff was an "eligible employee" as defined in 29 U.S.C. §2611(2), or alternatively, Defendants are equitably estopped from denying the Plaintiff was an eligible employee under FMLA.

5.      Plaintiff was hired by Defendants on August 2, 2021, as Director of Operations and assigned to work at Iredell Physician Network, LLC in Statesville, North Carolina. On October 12, 2022, Plaintiff fell while in the course and scope of the employment, suffering injuries including, but not limited to injuries to her left elbow and wrist. Plaintiff filed a workers' compensation claim in connection with the fall and injury, which was denied by Defendants, and has resulted in a pending workers' compensation claim that is being litigated before the North Carolina Industrial Commission.

6.      On June 11, 2024, Plaintiff notified Defendants that she would need to use FMLA leave in connection with a cervical spine surgery. Defendants acknowledged Plaintiff's request for FMLA leave in connection with the surgery and notified Plaintiff that she was eligible for 12 weeks of FMLA leave, which could be used in a block of time.

7.      Plaintiff obtained an FMLA medical certification form from Defendants' FMLA processesing agent, FMLA Source, which was completed by Peter Miller, M.D., PhD on June 12, 2024, indicating Plaintiff was having surgery a C4-5, C5-6, C6-7 anterior cervical discectomy and fusion on July 11, 2024. Dr. Miller's office returned the completed medical certification to FMLA Source per Defendants' FMLA protocol.

8.      Defendants initially approved Plaintiff's requested FMLA leave period from July 11, 2024, to September 5, 2024. The approved FMLA leave was thereafter extended through September 30, 2024.

9.      Plaintiff underwent surgery on July 11, 2024. On September 26, 2024, Plaintiff was released to return to work by her physician and she contacted Defendant to schedule her return to work.

2

10. Plaintiff was scheduled to return to work on October 1, 2024, at a business location in Statesville, North Carolina. At approximately 10:00 a.m., Damon Hayes, Vice President, Iredell Physician Network, and Melanie Sleime, Assistant Vice President, Human Resources, arrived and called her into a meeting. She was told that her employment was being terminated. She was accompanied by Ms. Sleime to her office area to gather her belongings and then escorted to her car.

11. Defendants' actions in terminating Plaintiff's employment violated FMLA, were not in good faith, and were taken without reasonable grounds to believe their actions did not violate FMLA. Defendants intentionally and recklessly terminated Plaintiff's employment with knowledge that Plaintiff's loss of employment and benefits would result in severe emotional distress to Plaintiff. Defendant's actions proximately caused substantial financial and emotional distress to Plaintiff.

## COUNT ONE FOR INTERFERENCE WITH RIGHT TO REINSTATEMENT IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

12. Plaintiff realleges the allegations in paragraphs 1 through 11 and incorporates them by reference as if fully set forth herein.

13. On the date Defendants terminated Plaintiff's employment, Plaintiff was entitled to reinstatement to her position as Director of Operations or an equivalent position under FMLA.

14. Defendants terminated Plaintiff's employment interfering with Plaintiff's right to FMLA leave in violation of FMLA, 29 U.S.C. §2615(a)(1).

15. Defendants' violation of the FMLA was not in good faith, and Defendants did not have reasonable grounds to believe that their denial of reinstatement of Plaintiff was not a violation of the FMLA within the meaning of 29 U.S.C. §2617(a).

16. Defendants' denial of reinstatement to Plaintiff following FMLA leave caused great harm to Plaintiff, including financial harm consisting of lost wages, lost benefits, and other financial loss.

17. As a result of Defendants' denial of reinstatement to Plaintiff, she is entitled to all legal and equitable remedies available, including lost earnings and benefits, reinstatement, liquidated damages, interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §2617(a).

## COUNT TWO FOR WRONGFUL TERMINATION/RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

18. Plaintiff realleges the allegations in paragraphs 1 through 17 and incorporates them by reference as if fully set forth herein.

19. Plaintiff was entitled to reinstatement to the same or an equivalent position at the conclusion of her FMLA leave pursuant to the provisions of the FMLA, 29 U.S.C. §2614(a).

20. Upon information and belief Defendants terminated Plaintiff's employment in retaliation for her exercise of protected leave rights in violation of FMLA, 29 U.S.C. §2615.

21. Defendants' retaliatory termination of Plaintiff's employment proximately caused her great harm, including financial harm consisting of lost wages, lost benefits, and other financial loss.

22. As a result of Defendant's retaliatory termination of Plaintiff's employment, she is entitled to all legal and equitable remedies available, including lost earnings and benefits, reinstatement, liquidated damages, interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §2617(a).

## COUNT THREE FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff realleges the allegations in paragraphs 1 through 22 and incorporates them by reference as if fully set forth herein.

24. Defendants' actions as set forth herein-above were extreme and outrageous, were intended to cause or were recklessly indifferent to the likelihood they would cause, and did in fact cause the Plaintiff severe emotional distress.

25. Defendants' actions proximately caused severe emotional distress to Plaintiff for which she is entitled to recover compensatory and punitive damages in excess of $25,000.00.

## COUNT FOUR FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff realleges the allegations in paragraphs 1 through 25 and incorporates them by reference as if fully set forth herein.

27. Defendants' actions as set forth herein-above were negligent and caused the Plaintiff severe emotional distress.

28. Defendants' actions proximately caused severe emotional distress to Plaintiff for which she is entitled to recover damages in excess of $25,000.00.

## COUNT FIVE FOR WRONGFUL TERMINATION IN VIOLATION PUBLIC POLICY

29. Plaintiff realleges the allegations in paragraphs 1 through 28 and incorporates them by reference as if fully set forth herein.

30. Upon information and belief, Defendants terminated Plaintiff's employment in retaliation for her making and pursuing a claim under the North Carolina Workers' Compensation Act.

31. Defendants' retaliatory discharge of Plaintiff violated North Carolina public policy as expressed in the North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. §95-241 et seq.

32. Defendants wrongful discharge of Plaintiff proximately caused economic and emotional damages for which she is entitled to recover compensatory and punitive damages in excess of $25,000.00.

WHEREFORE, Plaintiff prays that she have and recover her damages of Defendants, incurred and to be incurred; that Plaintiff's judgment bear such interest as is provided by law; that Plaintiff recover both back pay and front pay of Defendants, the value of her lost benefits, compensatory damages, liquidated damages, punitive damages, and all other compensation and damages owed to her; that Plaintiff be reinstated as an employee of Defendants; that the costs of this action be taxed against Defendants; that Plaintiff have and recover her attorney's fees and expenses of litigation from Defendants pursuant to 29 U.S.C. §2617(a)(3); that all issues of fact be tried by a jury; and that Plaintiff have such other and further relief as to the Court may seem just and proper.

This the 6th day of March, 2025.

*[signature]*

Richard T. Granowsky
N.C. State Bar No. 26841
Attorney for Plaintiff
Gate City Law
101 S. Elm St., Suite 76
Greensboro, NC 27401
Tel: (336) 281-2158
Fax: (336) 616-9407
Email: richard@gatecitylawfirm.com

6